# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARRY AHURUONYE,
      Appellant,

    v.

DEPARTMENT OF THE INTERIOR,
      Agency.

DOCKET NUMBER
DC-1221-15-1172-W-1

DATE: July 15, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barry Ahuruonye, Hyattsville, Maryland, pro se.

Deborah Charette, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in connection with his individual right of action (IRA) appeal. The administrative judge found that the agency proved by clear and convincing evidence that it would have taken the same action, even absent the appellant's whistleblowing. As set forth below, we VACATE that

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

finding as extraneous, find that the appellant failed to establish that his protected disclosures were a contributing factor in the agency's action, and DENY his request for corrective action on that basis.

¶2        On September 5, 2014, the appellant, a GS-9 Grants Management Specialist, filed a complaint with the Office of Special Counsel (OSC) in which he alleged that, on May 15, 2013, he became ill at work and was taken to the hospital where he was diagnosed with work stress and syncope, a fainting or loss of consciousness caused by a temporary lack of blood flow to the brain; that the agency delayed providing him with Office of Workers' Compensation Programs (OWCP) Form CA-2, Notice of Occupational Disease and Claim for Compensation, finally doing so on January 29, 2014; and that on February 7, 2014, he requested that his then-supervisor, L.V.A., complete her portion of the CA-2, the Supervisor's Report, required for the form to be transmitted to the Department of Labor for processing, but that she failed to do so.  Initial Appeal File (IAF), Tab 1 at 17-28.  The appellant claimed that L.V.A. refused to take this action in retaliation for his having made protected disclosures to agency management and the Office of Inspector General (OIG) in November 2012 regarding what he claimed were illegal grant awards made by the Grants Program Chief.  *Id.*

¶3        After OSC determined to close its inquiry into the appellant's allegations, IAF, Tab 3, he filed an IRA appeal with the Board wherein he alleged that his supervisor's failure to complete her portion of the CA‑2 was a violation of 20 C.F.R. § 10.110(a) and (b), which requires the employer to complete its portion within 10 days of receiving the notice of claim and to submit it to OWCP within 10 days, IAF, Tab 1 at 4-5.  The appellant asserted that he reasonably believed the disclosures he made in November 2012 regarding the allegedly illegal grant awards evidenced a violation of law, rule, or regulation, as well as gross mismanagement by the agency.  *Id.* at 10.  He declined a hearing before the Board.  *Id.* at 2.

¶4     The agency moved that the appeal be dismissed for lack of jurisdiction on the basis that L.V.A. lacked knowledge of the appellant's disclosures at the time of the action such that they could not have contributed to the action, and that, even if the appellant's disclosures did contribute to the agency's action, the agency showed by clear and convincing evidence that it would have taken that action absent any disclosures because the appellant failed to submit a completed CA-2 to L.V.A., as required. IAF, Tab 8.

¶5     During a conference with the parties, the administrative judge notified them that it appeared that the appellant had argued the same basis for whistleblower retaliation in a previous appeal, *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-15-1012-W-1, that the administrative judge could consider the jurisdictional arguments raised in that prior appeal to determine whether the Board had jurisdiction in this proceeding, and that, in fact, the Board did have jurisdiction over the appeal.[2] The administrative judge then advised the appellant of what he had to establish to prevail on the merits of his claim, IAF, Tab 15, and both parties made subsequent submissions, IAF, Tabs 19, 20-23. In his initial decision based on the written record, the administrative judge denied the appellant's request for corrective action, finding that the agency showed by clear and convincing evidence that it would have taken the same action in the absence of any whistleblowing by the appellant. IAF, Tab 24, Initial Decision (ID) at 1, 5.

¶6     After establishing the Board's jurisdiction in an IRA appeal, as the administrative judge found the appellant did in this case, an appellant must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him. 5 U.S.C. § 1221(e)(1); *Lu v.*

---

[2] Neither party noted an objection or offered additional evidence or argument on the jurisdictional issue. IAF, Tab 15 at 2. Nor has the agency challenged the administrative judge's jurisdictional finding on review.

*Department of Homeland Security,* [122 M.S.P.R. 335](), ¶ 7 (2015). If the appellant makes out a prima facie case, then the agency is given an opportunity to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure. [5 U.S.C. § 1221](e)(1)-(2); *Lu*, [122 M.S.P.R. 335](), ¶ 7.

¶7    Here, although the administrative judge correctly advised the appellant of what he had to establish to prevail on the merits of his whistleblowing claim, IAF, Tab 15, the administrative judge erred in resolving the case by finding that the agency met its burden of showing by clear and convincing evidence that it would have taken the same action even absent the appellant's disclosures, without first finding that he established his prima facie case. Because the record is complete, however, we now undertake the appropriate analysis. *Panter v. Department of the Air Force*, [22 M.S.P.R. 281](), 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶8    A series of emails between the appellant and the OIG demonstrates that he filed a complaint against the Grants Program Chief, accusing her of misconduct, abuse of authority, and program mismanagement in connection with certain grant awards he alleged were illegal. IAF, Tab 1 at 28-34. Given the appellant's position as a Grants Management Specialist, and the liberal standard set forth in the whistleblower statute for determining whether the appellant had a reasonable belief that he was disclosing "any" violation of law, rule, or regulation, we find that the appellant established by preponderant evidence that he had such a reasonable belief. Further, the agency has presented no evidence that would provide a basis to find that the appellant's belief, based on his own knowledge, was not reasonable.[3]

---

[3] Although not dispositive, we note that the OIG conducted an investigation in response to an audit conducted by its Office of Audit, Inspections, and Evaluations which

¶9 We find, however, that the appellant failed to prove that his protected disclosures were a contributing factor in the agency's failure to process the CA-2 because he has not shown that L.V.A. knew of his disclosures in February 2014, when she took the complained-of action. *See Rubendall v. Department of Health & Human Services*, [101 M.S.P.R. 599](#), ¶ 12 (2006). Although the appellant asserts that a July 31, 2013 email L.V.A. sent him demonstrates that she knew of his disclosures by its reference to "the OIG auditors," IAF, Tab 9 at 17, that reference is insufficient to establish her knowledge of the appellant's disclosures. In further support of his knowledge claim, the appellant refers to an affidavit L.V.A. provided on October 25, 2013, in connection with an equal employment opportunity (EEO) complaint the appellant filed alleging race discrimination and retaliation. He asserts that L.V.A. stated that, on May 7, 2013, his first-line supervisor prevented him from providing information to the OIG auditors. However, the language to which the appellant refers is an acknowledgment by L.V.A. only of his claims of discrimination and retaliation for prior EEO activity that were accepted for investigation. IAF, Tab 21 at 17. Moreover, he has submitted only three pages of L.V.A.'s 12-page affidavit, and nothing in the portion he has submitted demonstrates knowledge on her part of his protected disclosures. *Id.* at 18-19. Notably, in L.V.A.'s declaration submitted under penalty of perjury, she stated that, in February 2014, she was not aware that the appellant had disclosed anything to the OIG related to any "illegal grant awards." IAF, Tab 8 at 8. We find, therefore, that, under the knowledge/timing test, the appellant has not established by preponderant evidence that his disclosures were a contributing factor in the agency's failure to complete the CA-2. *Dorney v. Department of the Army*, [117 M.S.P.R. 480](#), ¶ 14 (2012).

¶10 We recognize, however, that the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard and that, if the Board

---

identified significant irregularities in how certain officials spent Federal grant funds awarded under the Coastal Impact Assistance Program. PFR File, Tab 5 at 4.

determines that an appellant has failed to meet the knowledge/timing test, it shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the official who took the action, and whether that individual had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15. Here, although the appellant asserts that L.V.A. had no valid reason for refusing to complete her portion of the CA-2, she stated in her declaration that she sought guidance from Human Resources because she was not familiar with the form, that she advised the appellant of this, and that she was informed by Human Resources that he had to complete his portion of the form first, but that he never did. IAF, Tab 8 at 8-9. Additionally, the appellant's November 2012 whistleblowing disclosures were not directed at L.V.A., the individual who took the action at issue here, but rather at the Grants Program Chief. IAF, Tab 1 at 28‑34. While the appellant may have shown that L.V.A. had a desire or motive to retaliate against him because he named her as the source of his claimed occupational disease; that is, the cause of his work-induced stress, we find, based upon a weighing of the appropriate factors, that he has not shown by preponderant evidence that his protected disclosures were a contributing factor in the agency's failure to complete the CA-2 and that he has thereby not established a prima facie case of retaliation for whistleblowing. Accordingly, we find that his request for corrective action must be denied.

¶11    On review, the appellant challenges the administrative judge's finding that the agency established by clear and convincing evidence that it would have taken the same personnel action, even absent the appellant's protected disclosure. PFR File, Tab 1 at 14-20. In *Kahn v. Department of Justice*, 618 F.3d 1306, 1316 (Fed. Cir. 2010), the U.S. Court of Appeals for the Federal Circuit declined the appellant's invitation to consider the agency's affirmative defense because it agreed with the Board that the appellant failed to establish his prima facie case, although the court stated in dicta that, in an IRA appeal, even when the Board

finds a contested merits issue dispositive, it should nevertheless resolve the remaining issues to expedite resolution of the case on appeal. After *Kahn* was decided, however, Congress amended 5 U.S.C. § 1221(e)(2) to provide that corrective action cannot be ordered if, "*after* a finding that a protected disclosure was a contributing factor," the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure. Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, § 114(b), 126 Stat. 1465, 1472 (emphasis added). Under this amendment, the Board may not proceed to the clear and convincing evidence test unless it first has made a finding that the appellant established his prima facie case. *See* S. Rep. No. 112-743 at 24 (2012). Because we have found that the appellant failed to establish his prima facie case, the administrative judge's findings on clear and convincing evidence were extraneous, and we need not address on review the appellant's contentions regarding those findings. *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).

¶12      This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.